## McClain's Estate

*Adams, Childs, McKaig & Lukens,* for exceptants.
*Henry P. Carr,* contra.

BOLGER, J., January 20, 1939.—Exceptants complain they should not be surcharged for failure to invest the sum of $500, balance of principal, they permitted to remain on deposit in a savings account from August 10, 1927, until the bank closed about six years later. They aver that the deposit was regarded by them not as an investment but as a reserve to protect the other investments totaling $5,500.

The principal account reflects the liquidation of a mortgage of $6,000 on August 5, 1927, the deposit thereof in the savings account five days later—but no

reinvestment of any part of it until September 13, 1929, when $3,000 was loaned on a mortgage; thereafter, on August 2, 1932, the sum of $1,000 in a mortgage loan, and on September 14, 1932, $1,500 in another mortgage. The income account reflects interest items in varying amounts on the fund while on deposit throughout this period. No claim was presented at the audit except for failure to invest the balance of $500.

Hazelbaker's Estate, 113 Pa. Superior Ct. 32, and authorities presented therein, cited by the learned auditing judge, fully support his findings. Other authority is Grossman's Estate, 22 D. & C. 531.

It is true that Hazelbaker's Estate, supra, recites instances where accountants may be relieved from surcharge for depositing trust funds in savings accounts. However, inaction of our accountants comes within none of them.

The authorization for such deposits extends only to cases of a temporary, provisional, or precautionary character, i. e., in anticipation of or awaiting investment or distribution, reasonable amounts where protection of investments can be reasonably deemed necessary, or any one or more of the special reasons involved in minors' estates. We take it that the burden of proof rests upon the accountants in these matters to justify their failure to invest: Boyle's Estate, 67 Pa. Superior Ct. 381, 384. It is likewise clear that the rulings of an auditing judge thereon constitute findings of fact: Jacobs' Trust Estate, 320 Pa. 539; and that his findings will be sustained in the absence of abuse of discretion. The learned auditing judge refused to accept the explanation tendered by exceptants and in so doing we find he was amply supported by the record.

It is urged that it was difficult to find any investment for such a small sum as $500. Judge Cunningham, of the Superior Court, in Hazelbaker's Estate, answered that when he pointed out Liberty Bonds.

President Judge Lamorelle, in Grossman's Estate, supra, suggested that other United States Government bonds and many municipal bonds offered excellent opportunity for investment.

In Hazelbaker's Estate, the item of surcharge constituted the sole asset of the estate. The decisions discussed in that opinion as well as in Grossman's Estate include instances of fiduciaries being absolved where the record revealed careful and vigilant handling not only of the item or items at issue, but of the other assets of the funds. We can well understand the hardship involved in surcharging fiduciaries for a single lapse when they have otherwise capably administered the funds. The duties and responsibilities of trustees are frequently onerous. Courts are careful, therefore, not to harshly apply surcharge principles because wise men would thereby be discouraged from serving. This result would be disastrous to the conduct of estates. However, as revealed in the foregoing review of the account before us, these accountants cannot be said to have been free from neglect in other items. Instance their failure for more than two years from 1927 to 1929 to invest any portion of the then fund of $6,000; also that in 1929 only half of the total was invested and all of the other half remained on deposit uninvested until in August of 1932 when $1,000 was loaned on a mortgage and in September of the same year $1,500 similarly placed. Although it is refreshing to observe the presence of three mortgage investments sound from the beginning in the estate, yet the failure to invest the large sums hereinbefore referred to weighs the scales against the accountants and effectually negatives their argument of retention for protection purposes. Lack of attention is clearly indicated.

Counsel refers to the Act of May 28, 1937, P. L. 1037, amending the Fiduciaries Act of June 7, 1917, P. L. 447, which authorizes fiducaries, inter alia, to deposit funds not exceeding $500, under certain conditions, in savings accounts, as "removing the confusion of thought" which

existed in Hazelbaker's Estate. Obviously the time element eliminates whatever confusion exists in exceptant's mind regarding this argument. Likewise, our banking system underwent an overhauling during the "bank holiday" of March 1933, and resulted in an insuring of accounts, savings included, up to $5,000 in all National banks and others under the Banking Act of June 16, 1933, 48 Stat. at L. 162. This latter circumstance among others no doubt was a factor in persuading the legislature to enact the law referred to in 1937.

Exceptants cite Glassburner's Estate, 40 Pa. Superior Ct. 134, where a testamentary guardian was exonerated from liability for depositing approximately $1,000 in a savings account. There, however, the decision was based upon the broad discretionary powers contained in the will and the finding that the guardian, testator's brother, a painter "was not an active business man and probably well known to the testator not to be an expert in financial matters." Here, although the trustees are respectively the brother and the nephew of the testatrix, the will unfortunately vests them with no discretionary powers regarding investments.

The second exception involves an interest surcharge at six percent upon the principal item of surcharge from the date of the deposit. The determination of this item was within the authority of the learned auditing judge: Cuyler's Estate, 5 D. & C. 317; Curran's Estate, 18 D. & C. 103. However, by reason of our employing the references of Judge Cunningham in Hazelbaker's Estate, and of Judge Lamorelle in Grossman's Estate, suggesting the availability of Liberty Bonds for investment, the rate of surcharge of interest is, with the approval of the auditing judge, reduced from 6 percent to 3½ percent. The exception is sustained to the extent indicated.

The first exception is dismissed, the second exception partially sustained, and the adjudication as thus modified is confirmed absolutely.